935 F.2d 268
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bekir VURAL, Defendant-Appellant.
 No. 91-5630.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 6, 1991.
Decided May 31, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-90-139-A)
 John C. Rand, Alexandria, Va., for appellant.
 Henry E. Hudson, United States Attorney, Liam O'Grady, Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bekir Vural was convicted by a jury of conspiracy to import heroin (21 U.S.C. Secs. 952 & 963) and conspiracy to distribute heroin and cocaine (21 U.S.C. Sec. 846), distribution of heroin (21 U.S.C. Sec. 841 & 2), and threatening a federal law enforcement officer (18 U.S.C. Sec. 115(a)(1)). He appeals his convictions and sentence, contending that the district court erred in denying his motion for acquittal and in determining that the conspiracy involved over 100 kilograms of heroin. We affirm.
 
 
 2
 Vural was a member of a conspiracy whose purpose was to import heroin from Turkey into the United States for distribution. He was active for about six months in introducing an undercover FBI agent posing as a drug dealer into the conspiracy and in attempting to set up purchases for the agent. By December 1988, the agent had progressed to dealing directly with other members of the conspiracy.
 
 
 3
 Vural moved for acquittal at the close of the government's evidence on the ground that he had withdrawn from the conspiracy in January 1989 and, therefore, none of the drugs sold or negotiated from that date until his arrest later in 1989 could be attributed to him. This Court has held, in United States v. Urbanik, 801 F.2d 692, 697 (4th Cir.1986), that in order to show withdrawal from a conspiracy a defendant must show that he acted to defeat or disallow the purposes of the conspiracy. Had Vural produced such evidence, the question of his withdrawal would have been one for the jury to decide. But no such evidence was produced. Vural relied on the record of a conversation with the agent in January 1989 in which he repeatedly said that he wanted to forget the whole thing. However, in the same conversation, he complained about being cut out of a recent deal, agreed to take a commission on any future deals and said he would arrange another purchase for the agent. Although he did not do anything significant in the conspiracy after that, he took no action which would demonstrate actual withdrawal.
 
 
 4
 The district court's determination of the amount of drugs involved in the conspiracy is a factual finding reviewed under the clearly erroneous standard. United States v. Vinson, 886 F.2d 740 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3468 (U.S.1990). In view of the agent's testimony about amounts purchased and negotiated, we cannot say that the district court was in error in finding that over 100 kilograms of cocaine were involved.
 
 
 5
 We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.